IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID C. STEWART,

               Petitioner,                   ORDER

     v.                                13-cv-14-wmc

JEFFREY PUGH, Warden,
Stanley Correctional Institution,

               Respondent.

---

David Stewart, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Rule 3 of the Rules Governing Section 2254 Cases, the petition must be accompanied by:

    (1)  the five dollar ($5) filing fee; OR

    (2)  a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.

This court also requires prisoners seeking leave to proceed *in forma pauperis* to submit a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition.  *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999).

Petitioner has not submitted either the filing fee or the paperwork necessary to support a determination that he is entitled to proceed without paying the filing fee.  This court can take no action on the petition until he makes one of these submissions.

I offer the following for petitioner's consideration to help him determine whether he will qualify for leave to proceed *in forma pauperis*.  Once petitioner submits his trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above.  If 20% of the greater of these two figures is $5 or more, he will not be eligible for indigent status and will have to prepay all of the $5 filing fee.  If

20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies.  If he knows that he will not qualify for indigent status, he may elect to submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the six-month statement requested above.  In any event, petitioner should act quickly.  If, by January 31, 2013 petitioner does not submit either the $5 payment or an application to proceed *in forma pauperis*, accompanied by a trust fund account statement for the last six months, his request for leave to proceed *in forma pauperis* will be denied and this action will be closed.  A copy of a blank application for leave to proceed *in forma pauperis* is being mailed to petitioner with this order.

In addition, the petition he submitted is not on this court's pre-printed form and is thus lacking some information the court needs in order to properly screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.  Accordingly, a blank § 2254 form is being mailed to petitioner with this order.  Petitioner should complete it and return it with his filing fee or application for pauper status.

The court will take no further action on the petition until petitioner: 1) returns a completed application for leave to proceed *in forma pauperis*, along with the six-month trust account statement, or submits the $5 filing fee; and 2) submits a petition on the form provided.  If petitioner fails to make these submissions on or before January 31, 2013 then the court will dismiss the petition for failure to prosecute.

Entered this 8th day of January, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2