IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID C. STEWART,

                Petitioner,                      OPINION AND ORDER

v.                                                    13-cv-14-wmc

JEFFERY PUGH, Warden,
Stanley Correctional Institution,

                Respondent.

Petitioner David C. Stewart is currently incarcerated by the Wisconsin Department of Corrections at the Stanley Correctional Institution. Stewart now seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging two state-court convictions from 2003. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the petition will now be dismissed.

## FACTS

In April 2003, Stewart entered pleas of "no contest" to charges of child abuse and first-degree sexual assault of a child in Dane County Case Nos. 2002CF1588 & 2002CF1589. The circuit court found Stewart guilty as charged and sentenced him to serve a total of 18 years in prison. The Wisconsin Court of Appeals affirmed both convictions in an unpublished decision and the Wisconsin Supreme Court denied Stewart's petition for review on June 15, 2006. He did not appeal further by pursuing a writ of certiorari with the United States Supreme Court.

In October 2007, Stewart filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In that application, Stewart argued that he was entitled to relief for

the following reasons: (1) he was denied effective assistance of counsel; (2) the prosecutor failed to turn over exculpatory evidence; (3) the trial court altered or breached the plea agreement by revoking his bond; (4) the plea colloquy was perfunctory and deficient; (5) both the complaint and the evidence were insufficient to support his conviction; (6) his conviction was obtained with evidence obtained from an illegal search; and (7) his "parental rights" were revoked without due process; (8) he was denied effective assistance of counsel on appeal; (9) the police circumvented "proper procedures for obtaining evidence"; and (10) his plea was not knowingly made because he was not correctly informed about the potential punishment he faced. On March 18, 2009, the district court dismissed that petition as barred by the governing one-year statute of limitations. *See Stewart v. Hompe*, Civil No. 08-cv-655-slc (W.D. Wis.). Steward did not pursue an appeal.

On January 30, 2013, Stewart filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this application, Stewart contends that he was denied effective assistance of counsel in connection with his guilty plea because he was not given correct information about his potential sentence. He contends further that the prosecutor "strayed" from the plea agreement and failed to remain neutral during his re-arraignment proceeding.

OPINION

Stewart's petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April

2

24, 1996. Under the AEDPA, any "second or successive application" for habeas relief must be authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Numerically, second filings only trigger the prohibition against second-or-successive applications "if they follow a filing that 'counts' as the prisoner's first (and only) opportunity for collateral review." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (citation omitted). A prior, untimely petition counts as such an opportunity because "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Because Stewart attempts to challenge the same conviction that was at issue previously, his petition qualifies as a second or successive application for habeas relief.

If petitioner believes that he qualifies for an exception to the prohibition against successive petitions, he must raise this issue with the Court of Appeals for the Seventh Circuit. This is the statutory limitation put in place by 28 U.S.C. § 2244(b)(3), which "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Absent approval from the Seventh Circuit, this court has no authority to consider the petition. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" for purposes of Rule 11, the court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition qualifies as "second or successive" under 28 U.S.C. § 2244(b).

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by state inmate David C. Stewart is DISMISSED for lack of authorization as a second or successive application.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 26th day of February, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge