IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID C. STEWART,

        Petitioner,

v.

REED RICHARDSON, Warden,
Stanley Correctional Institution,

        Respondent.

ORDER

13-cv-14-wmc
App. No. 15-1593

In 2013, petitioner David C. Stewart filed a federal habeas corpus petition under 28 U.S.C. § 2254, challenging two state court convictions from 2003. In an order entered on February 28, 2014, this court noted that Stewart had previously applied for a writ of habeas corpus to challenge these same convictions, but that his request for review in that case was denied as barred by the governing one-year statute of limitations. *See Stewart v. Hompe*, Case No. 08-cv-655-wlc (W.D. Wis. March 18, 2009). The court concluded further that the pending petition qualified as a second or successive application for habeas relief that was barred from review without prior authorization as required by 28 U.S.C. § 2244(b)(3), and dismissed this case. More than one year later, on March 9, 2015, Stewart has now filed what the Seventh Circuit has construed as a notice of appeal. (Dkt. # 7.)

To the extent that Stewart has not paid the $505.00 appellate docketing fee, he appears to request leave to proceed *in forma pauperis*. In determining whether a litigant is eligible to proceed *in forma pauperis* on appeal, the court must find that he is indigent and, in addition, that the appeal is taken in good faith for purposes of Fed. R. App. P. 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if

the court certifies in writing that it is not taken in good faith."). Stewart has not presented a certified copy of his inmate trust fund account statement or otherwise presented proof of indigence as required by 28 U.S.C. § 1915(a)(2). Even if he had, the court cannot certify that the appeal is taken in good faith because it is obvious from the pleadings that the challenged convictions are stale (as is his notice of appeal) and that his petition qualified as an unauthorized, successive application for purposes of 28 U.S.C. § 2244(b)(3). Accordingly, the court CERTIFIES that the appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3).

Although this court has certified that the appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), Stewart is advised that he may challenge this finding pursuant to Fed. R. App. P. 24(a)(5), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, within thirty (30) days of the date of this order.

Entered this 24th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge